IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                                                          NO. 4:15-CR-73-11

SIDNEY AVANT, III

**ORDER**

This criminal action is before the Court on the motion of the United States to disqualify Christi R. McCoy as counsel for Sidney Avant, III. Doc. #383. Because the United States' motion raises factual issues relevant to the disqualification issue, the motion will be set for an evidentiary hearing and oral argument.

**I**
**Relevant Procedural History**

On August 31, 2016, the United States filed a fourth superseding indictment in this action. Doc. #310. The fourth superseding indictment charges Avant and five other defendants with various crimes related to a heroin distribution conspiracy. *Id*.

On September 6, 2016, United States Magistrate Judge S. Allan Alexander appointed the Federal Public Defender to represent Avant. Doc. #323. The following day, Judge Alexander entered an order substituting McCoy as counsel for Avant. Doc. #326.

On September 26, 2016, the United States filed a "Notice of Potential Conflicts of Interest," informing the Court that McCoy's husband, Dwayne Smith, was the Resident Agent in Charge of the Drug Enforcement Administration's Oxford, Mississippi, office during the investigation of the charged drug conspiracy. Doc. #363. The notice represented that Smith "was involved with the investigation and took part in the tactical planning of the execution of the various investigation methods including the wire interception and the investigation of the murder

of [a] confidential informant." *Id*. at ¶ 6. The notice further represented that Smith could be called at the trial in this action and that, "[i]f Avant should choose to go to trial, his attorney faces a conflict of interest in having to cross examine her husband or other agents whom her husband supervised." *Id*. at ¶ 15.

McCoy responded to the notice on September 27, 2016. Doc. #368. In her response, McCoy represented that Smith's role in the case did not create an actual conflict and that she would not cross examine her husband should he testify. *Id*. at 7. The issue of McCoy's representation of Avant was noticed for an October 4, 2016, hearing before United States Magistrate Judge Jane M. Virden. Doc. #371.

On October 4, 2016, Judge Virden heard contentious arguments from McCoy and counsel for the United States regarding the conflict issue. Doc. # 374. Although neither side presented evidence at the hearing, McCoy and the United States' counsel made conflicting representations regarding Smith's involvement in the relevant investigation.

The following day, on October 5, 2016, Judge Virden issued an order disqualifying McCoy from representing Avant. Doc. #375. Citing Smith's status as a potential witness and "other meritorious arguments made by the government," Judge Virden held that "there is a substantial likelihood of an actual conflict, and that such conflict is not waivable." *Id*. at 3. Accordingly, by separate order entered the same day, Judge Virden appointed the Federal Public Defender to represent Avant. Doc. #376.

Approximately an hour after Judge Virden's appointment of the Federal Public Defender as Avant's counsel, McCoy filed a notice "enter[ing] her appearance as retained counsel" for Avant.[1] Doc. #378. McCoy represents in her notice of appearance that "Avant is aware of all

---

[1] To the extent McCoy wanted to challenge Judge Virden's order, the proper course would have been to request reconsideration of the issue by the district judge. *See* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may

2

potential conflicts and the consequences therein." *Id*. McCoy also used her notice of appearance to argue that, because "she has appeared as retained counsel in other cases wherein DEA was the investigating agency," she "can only surmise that it was the private nature of her representation that provided the difference in the case at bar." Doc. #378 at 1, 2. On October 6, 2016, Judge Virden issued an order substituting David Wayne Milner for the Federal Public Defender as counsel for Avant. Doc. #380.

On October 7, 2016, the United States filed a motion to disqualify McCoy as Avant's counsel. Doc. #383. On October 11, 2016, McCoy e-mailed the Court requesting a hearing "so that [Avant] may state his intent to waive any conflict on the record."

## II
## Standard for Determining Conflicts

"The Sixth Amendment protects an accused person's right to select and be represented by his preferred attorney, although the essential aim of the amendment is to guarantee an effective advocate for each defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *United States v. Sotelo*, 97 F.3d 782, 791 (5th Cir. 1996). This Sixth Amendment right "is not absolute." *United States v. Jackson*, 805 F.3d 200, 202 (5th Cir. 2015). Rather, the right to counsel of choice is limited if that counsel has an actual conflict of interest or a serious potential conflict of interest that may arise during the trial." *Id*. (internal citations omitted). Under this standard, there is "a presumption that a defendant is entitled to counsel of choice, [but] that presumption may be rebutted by a showing of actual or potential conflicts of interest." *Id*. If a potential conflict is shown, "[t]he court is required to take action to protect the defendant's right to effective assistance of counsel unless, after inquiry, the court believes that [the] conflict of interest is unlikely to arise." *United States v. Combs*, 222 F.3d 353,

---

reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

3

361 (7th Cir. 2000). "As numerous district courts have recognized, the party seeking disqualification bears the burden of proving a conflict." *United States v. DeCay*, 406 F.Supp.2d 679, 683 (E.D. La. 2005).

"Where a district court ... find[s] a conflict of interest between a defendant and his counsel, it must conduct what is commonly known as a '*Garcia* hearing' to ensure a valid waiver by the defendant of his Sixth Amendment right." *United States v. Reagan*, 725 F.3d 471, 487 (5th Cir. 2013); *see United States v. Garcia*, 517 F.2d 272, 278 (5th Cir. 1975). At a *Garcia* hearing, "the district court must ensure that the defendant (1) is aware that a conflict of interest exists; (2) realizes the potential hazards to his defense by continuing with such counsel under the onus of a conflict; and (3) is aware of his right to obtain other counsel." *United States v. Garcia-Jasso*, 372 F.3d 239, 243 (5th Cir. 2006) (internal quotation marks omitted). While a valid waiver generally allows a conflicted attorney to proceed with representation, "when a defendant's selection of counsel gravely imperils the prospect of a fair trial, a trial court may justifiably refuse to accede to the choice." *Jackson*, 805 F.3d at 203 (internal alterations omitted).

### III
### Analysis

In its motion for disqualification, the United States argues:

> Ms. McCoy's husband then RAC Dwayne Smith was actively supervising and directly involved in the investigation of drug trafficking and the brutal murder of a confidential informant and his wife as alleged in the indictment. He took part in the tactical planning, approval, and execution of various investigative methods, including the wire interceptions and may even testify at the trial. This is the very drug trafficking investigation in which Sidney Avant III is charged with obstructing and acting as an accomplice. Thus, there is a substantial likelihood of an actual conflict and a showing has been made of a serious potential conflict.

Doc. #383 at ¶ 7.

In contradiction of the United States' assertions, McCoy argues, "Agent Smith has no personal knowledge in the case and in fact, has been told very plainly that DEA will not fund another trip to Oxford when any agent in the Oxford DEA office could offer the same testimony." Doc. #368 at 6. Furthermore, McCoy contends that "[e]ven if Agent Smith were to testify, [she] would not cross examine him. Agent Smith could not offer a single word of testimony against ... Avant, III, as [Smith] has no knowledge of anything at all relating to that investigation, arrest and indictment." *Id*. at 7 (emphasis omitted).

Generally, "[a] conflict of interest exists when defense counsel places himself in a position conducive to divided loyalties. This question is highly fact-sensitive." *United States v. Infante*, 404 F.3d 376, 392 (5th Cir. 2005) (internal alterations and citations omitted). The Fifth Circuit has held that the need to cross-examine a spouse may justify a finding of a non-waivable potential conflict of interest. *United States v. Jena*, 478 F. App'x 99, 103 (5th Cir. 2012). Accordingly, notwithstanding a waiver of conflict from a defendant, a district court may disqualify an attorney when the attorney's spouse is a witness for the United States at the defendant's trial.[2] *Id*. Furthermore, while neither side has cited a case on point, the Court presumes that an attorney's spouse's involvement in an investigation of a defendant would place that attorney in a position conducive to divided loyalties if the spouse's involvement was such that undermining or attacking the investigation would adversely impact the spouse.[3]

In light of the above, particularly the parties' conflicting assessments of Smith's role in the investigation, the resolution of the United States' motion necessitates a fact-sensitive inquiry

---

[2] In reaching this conclusion, the Fifth Circuit expressed "concern[] with tactics by the Government that may cause a defendant to lose his chosen counsel." *Jena*, 478 F. App'x at 103. This Court will review the instant conflict issue for similar concerns.

[3] *Cf. Reagan*, 725 F.3d at 488 ("[T]he mere fact that the prosecutor's husband worked at a firm that represented one of the witnesses did not create a conflict, as Reagan did not show that the prosecutor or her husband had a financial stake in the outcome of Reagan's trial creating a conflict or requiring her disqualification.").

into Smith's involvement in the investigation of Avant and the charged heroin distribution conspiracy and, relatedly, the likelihood of Smith testifying at trial and the likelihood of the introduction of any evidence at trial concerning Smith's role in the investigation. Upon review, the record in this case is wholly insufficient to answer these questions to the Court's satisfaction. Accordingly, it is **ORDERED**:

1. An evidentiary hearing and oral argument on the United States' motion to disqualify [383] will be held on October 20, 2016, at 1:00 p.m., at the United States Federal Building, Courtroom 1, in Oxford, Mississippi;

2. Smith must appear and testify at the hearing but may do so by video or telephone conference;[4] and

3. Avant and Milner[5] must appear at the hearing and be prepared to inform the Court whether, under *Garcia*, Avant waives the conflict alleged, should the Court determine the conflict to be waivable.[6]

**SO ORDERED**, this 11th day of October, 2016.

/s/ Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] While Smith's testimony at the hearing is necessary, the parties may call additional witnesses on the conflict issue. The parties are cautioned that no witnesses or evidence regarding any prior instances where McCoy was defense counsel in cases where the DEA was involved will be permitted, as such is not relevant to the present issue before the Court.

[5] At times, the arguments of McCoy and the United States' counsel regarding the issue of Avant's representation suggest a degree of non-objectivity on both sides. Given this, the Court deems it prudent to require Milner's presence at the hearing to advise Avant, if necessary, on the consequences of waiving a conflict. *See United States v. Lucio*, 996 F.Supp.2d 514, 519 (S.D. Tex. 2013) (court "ordered Defendant after the *Garcia* hearing to consult with a[n] ... independent attorney regarding the situation and then report back to the Court with his ultimate decision").

[6] Counsel shall be prepared at hearing to identify and discuss all authorities relied upon that are relevant to the issues presented as the Court may not allow post-hearing briefs on the issue.